# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                     Case No. 99-20046-01-JWL
                                                                     00-20052-01-JWL
                                                                      00-20053-02-JWL

**Clark Housh,**                                            00-20054-01-JWL

    **Defendant.**

## MEMORANDUM & ORDER

In June 2000, defendant Clark Housh pled guilty to carjacking, bank robbery and possession of a firearm in relation to a crime of violence. The court sentenced Mr. Housh to a 228-month term of imprisonment and a five-year term of supervised release. Mr. Housh began his term of supervision in January 2016. This matter is now before the court on Mr. Housh's motion for early termination of his supervision. The government opposes the motion. As will be explained, the motion is denied without prejudice to filing another motion if additional circumstances warrant a re-examination of the issue.

A district court has authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," so long as it considers the factors in § 3553(a) and the release is in the "interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Begay*, 631 F.3d 1168, 1171–72 (10th Cir. 2011).[1] Mr. Housh

---

[1] Mr. Housh urges that the court cannot consider the seriousness of his offense in assessing whether early termination is appropriate. As Mr. Housh notes, the statute that governs early termination does not mention § 3553(a)(2)(A) in the list of § 3553(a) factors that the court may consider in terminating a term of supervised release. *See* 18 U.S.C. § 3583(e)(1). But while §

contends that early termination is appropriate because he has served the statutorily required period of one year, has been fully compliant with the conditions of his release, and is in good standing with the probation office. He further asserts that he has successfully reintegrated into the community and has strong and stable ties to his family and his church. He is unable to work in light of certain disabilities and he receives disability benefits.

The court commends Mr. Housh for his compliant conduct on supervision and his successful efforts at community reintegration. Nonetheless, the court bears in mind that early termination is not "warranted as a matter of course" and is not necessarily warranted simply because a person does what is expected on supervised release. *See United States v. Rutherford*, 2017 WL 2911780, at *1 (D. Kan. July 7, 2017) (collecting cases). Rather, courts typically reserve early termination for cases in which the defendant has exhibited "exceptional" behavior or in which special circumstances evidence a need for early termination in the interests of justice. *See id*.

The court is not persuaded that, just 20 months into a 60-month term of supervised release, Mr. Housh's circumstances warrant termination of his supervision. He does not suggest that his supervision has more than a minimal impact on his daily life. Indeed, because the probation office has assessed Mr. Housh as a "low/moderate" risk of reoffending, a probation officer visits Mr. Housh only every 90 days. And while the court understands from probation that Mr. Housh is required to file monthly reports of his activities and that he must provide

---

3583(1) requires consideration of certain factors when a district court terminates supervised release, it is unclear whether the statute even applies when a district court denies a motion to terminate supervised release. *See United States v. Warren*, 650 Fed. Appx. 614, 615 (10th Cir. May 26, 2016). The court need not address this issue because it finds that early termination at this juncture is not appropriate regardless of the seriousness of Mr. Housh's crimes.

probation with two weeks' notice prior to traveling out of state, he does not mention those requirements in his motion.

Moreover, while Mr. Housh suggests in his motion that he has satisfied all of the guideposts utilized by the probation office to measure whether a defendant is eligible for early termination, he clearly has not. *See* Monograph 109, *Supervision of Federal Offenders* § 380.10(b)(1)–(9). One of those guideposts is that the defendant has no history of violence. Thus, even putting aside Mr. Housh's argument that the court cannot consider the seriousness of his offense in terminating a period of supervised release, probation clearly considers whether the defendant has a history of violence in assessing eligibility for early termination. And in light of Mr. Housh's history, the probation office opposes Mr. Housh's request for early termination.

In short, the court believes that Mr. Housh will benefit from continued supervision and that no special circumstances warrant early termination. Mr. Housh may file another motion in the future if additional circumstances warrant a re-examination of the issue.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Housh's motion for early termination of supervised release (doc. 113) is **denied.**

**IT IS SO ORDERED.**


Dated this 11th day of October, 2017, at Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3