# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                          Case No. 99-20046-01-JWL
                                                      00-20052-01-JWL
                                                       00-20053-01-JWL

**Clark Housh,**                                 00-20054-01-JWL

      **Defendant.**

## MEMORANDUM & ORDER

In June 2000, defendant Clark Housh pled guilty to carjacking, bank robbery and possession of a firearm in relation to a crime of violence. The court sentenced Mr. Housh to a 228-month term of imprisonment and a five-year term of supervised release. Mr. Housh began his term of supervision in January 2016. This matter is now before the court on Mr. Housh's motion for early termination of his supervision. At the time Mr. Housh filed his motion, both the government and the probation office opposed Mr. Housh's request for early termination. But they have now amended their positions—the government does not oppose the request and the probation office expressly supports it.

A district court has authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," so long as it considers the factors in § 3553(a) and the release is in the "interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Begay*, 631 F.3d 1168, 1171–72 (10th Cir. 2011). The court finds that early termination of Mr. Housh's supervision is warranted in light of the factors in § 3553(a) and is in the interest of justice. Significantly, the probation office supports early

termination based on its conclusion that Mr. Housh meets the eligibility criteria set forth in the applicable statutes and in Monograph 109, § 380.10—Early Termination. The probation office is the most familiar with Mr. Housh's circumstances and conduct since his release and is in the best position to assess the need for continuing supervision. The probation office highlights that Mr. Housh has fully paid his outstanding financial penalties in these cases; has satisfactorily explained and ceased a recent unapproved association with a felon; has recently married a woman who is a positive influence; and has passed all drug tests. The record also reflects that Mr. Housh has successfully reintegrated into the community and has strong and stable ties to his family and his church. He is unable to work in light of certain disabilities and he receives disability benefits. In short, the court is persuaded that termination of supervised release is warranted here. Accordingly, the court grants the motion, and defendant's term of supervised release is hereby terminated.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Housh's motion for early termination of supervised release (doc. 119 in Case No. 99-20046; doc. 46 in Case No. 00-20052; doc. 66 in Case No. 00-20053; doc. 46 in No. 00-20054) is **granted.**

**IT IS SO ORDERED.**

Dated this 26th day of June, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge